```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
NICHOLAS DUVA,

                    Plaintiff,         MEMORANDUM & ORDER
                                       19-CV-1429(JS)(AYS)
        -against-

RIVERHEAD CORRECTIONAL FACILITY
MEDICAL DEP.,

                    Defendant.
----------------------------------------X
```

APPEARANCES
For Plaintiff:      Nicholas Duva, pro se
                    585872
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendant:      Arlene S. Zwilling, Esq.
                    Suffolk County Attorney
                    H. Lee Dennison Building-Fifth Floor
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, New York 11788-0099

SEYBERT, District Judge:

Pro se plaintiff Nicholas Duva ("Plaintiff" or "Duva") brings this action against defendant Riverhead Correctional Facility Medical Department ("Defendant" or "Riverhead") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that his constitutional rights were violated due to improper medical care he received as an inmate. (Compl., D.E. 1.) Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot., D.E. 19.) For the following reasons, Defendant's

motion is GRANTED and the Complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO REPLEAD.

BACKGROUND

The following facts are presumed to be true for purposes of this motion. Plaintiff, who is incarcerated at Suffolk County Correctional Facility in Riverhead, "was overdosed on a serious medication (methadone)" "sometime in October 2018" "around 6:45 p.m." (Compl. ¶¶ 2, 3.) At that time, Plaintiff was "get[ting] 80 mg [of methadone] and was given 230 mg, almost trip[]le [his] dose which led [him] to overdose and be taken to the ER." (Compl. ¶ 2.) In February 2019, Plaintiff was still experiencing "severe medical damage, and illness along with mental anxiety, emotionally disturbed, sleepless and fearful." (Compl. ¶ 3.)

Plaintiff attached a copy of his Inmate Grievance Form, dated February 10, 2019, to the Complaint.[1] (Compl. at ECF p. 3.) His grievance was denied because it was submitted five days beyond the occurrence. The grievance coordinator also noted that "Inmate

---

[1] In deciding a motion to dismiss, the Court is generally confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, the Court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (internal quotation marks and citation omitted).

Duva is receiving his mediation as prescribed by his providers."
(Compl. at ECF p. 3.)

Plaintiff commenced this action by filing a "Notice of Intention to File a Claim" with this Court which, given his pro se status, is liberally construed as a Complaint brought pursuant to Section 1983.[2] Defendant moves to dismiss the Complaint, arguing that Plaintiff has not alleged deliberate indifference to his serious medical needs. (Def. Br., D.E. 19-1, at 1-2.) In his brief opposition to the motion, Plaintiff states that "in this incident [he] was overdosed because [of] reckless behavior by the medical department." (Pl. Opp., D.E. 28.)

DISCUSSION

I. Motion to Dismiss

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173

---

[2] This matter was previously assigned to Hon. Joseph F. Bianco. In granting Plaintiff's request to proceed in forma pauperis and granting him leave to file the Complaint, Judge Bianco also construed the "Notice of Claim" as a Complaint brought pursuant to Section 1983. (IFP Order, D.E. 10, at 1.)

L. Ed. 2d 868 (2009). A complaint filed by a pro se litigant is to be construed liberally and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Nevertheless, a pro se complaint must state a plausible claim for relief and comply with the minimal pleading standards set forth in Federal Rule of Civil Procedure 8. Vallen v. Plan, No. 15-CV-0703, 2017 WL 627415, at *2 (E.D.N.Y. Feb. 14, 2017) (citing Hiller v. Farmington Police Dep't, No. 12-CV-1139, 2015 WL 4619624, at *7 (D. Conn. July 31, 2015)).

II. Deliberate Indifference to Medical Needs

A prisoner's claim for "alleg[ations] that he was improperly medicated and denied appropriate medical attention to treat his injuries" is construed as a "violation of his Eighth Amendment right to be free from cruel and unusual punishment." Varricchio v. Cty. of Nassau, 702 F. Supp. 2d 40, 53 (E.D.N.Y. 2010). "'Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation.'" Langer v. Buerkle, No. 15-CV-0668, 2019 WL 3753796, at *4 (E.D.N.Y. Aug. 8, 2019) (quoting Smith v. Carpenter, 316 F. 3d 178, 184 (2d Cir. 2003)). "To show that prison medical treatment was so inadequate as to amount to

4

'cruel or unusual punishment' prohibited by the Eighth Amendment, [a] plaintiff must prove that [a] defendant['s] actions or omissions amounted to 'deliberate indifference to a serious medical need.'" Abdur-Raqiyb v. Erie Cty. Med. Ctr., 536 F. Supp. 2d 299, 301 (W.D.N.Y. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

"A medication error alone, as to either the type or dose of medication, is not deliberate indifference. It is, at most, medical malpractice, which is not actionable under § 1983." Pyle v. Robin Sims, No. 15-CV-5245, 2017 WL 663518, at *6 (W.D. Ark. Jan. 30, 2017), R&R adopted 2017 WL 662991 (collecting cases). In order to state a constitutional claim, a plaintiff must allege that a defendant administered an overdose of a drug "with the requisite intent to cause him pain or physical harm, or with culpable recklessness, i.e., an act or a failure to act that evinces a conscious disregard of a substantial risk of serious harm." Abdur-Raqiyb, 536 F. Supp. at 302 (internal quotation marks, alteration, and citation omitted) (collecting cases).

III. Application

  A. Allegations

Plaintiff alleges that Defendant's employee recklessly, not "mere[ly] negligent[ly,]" administered him too much methadone. (Pl. Opp.; see also generally Compl.) This caused him to suffer

5

"severe medical damage" that allegedly continued for several months after the overdose. (Compl. ¶ 3.) In his opposition, Plaintiff argues that "between what happen[ed] and also the hospital records at Peconic Bay in Riverhead . . . [he believes he can] prove the medical dep[artment] did in fact act reckless." (Opp.) However, the Complaint itself does not sufficiently allege a constitutional violation. Plaintiff has alleged only one dosage error. See Stasicky v. S. Woods State Prison, No. 03-CV-0369, 2007 WL 1723467, at *9 (D.N.J. June 12, 2007) ("even if the Court were to assume Plaintiff's allegation that [the doctor] 'doubled' his medication [on one occasion], that allegation does not rise to more than negligence"). And his conclusory claim (found in his Opposition, and not in the Complaint itself) that the employee(s) acted "reckless" is not sufficient to show the conscious disregard necessary for a constitutional violation.

Further, Plaintiff states in the Complaint that after the overdose, he was taken to the emergency room. Thus, the medical staff treated him upon discovering the error. Cf. Varricchio, 702 F. Supp. 2d at 57-59 (motion to dismiss denied where Plaintiff alleged he was improperly medicated on two occasions, requested to go to the hospital but staff waited several days to bring him to the medical unit, and was found lying face down in his cell with a heartrate of 15 beats per minute; and that

6

the improper dosage was due to a County policy of not properly labeling inmate medications); Barnett v. Luttrell, 414 F. App'x 784, 788 (6th Cir. 2011) (no constitutional violation where nurse administered inmate anti-seizure medication instead of ibuprofen (as prescribed), but her abandoning him and failing to treat him after he fell due to the anti-seizure medication was actionable).

B.  The Defendant

Additionally, Plaintiff's Section 1983 claim against Defendant is not plausible because Defendant does not have an independent legal identity. "[D]epartments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); Trahan v. Suffolk Cty. Corr. Fac., No. 12-CV-4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it "is an administrative arm of Suffolk County, without an independent legal identity."). However, given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court considers whether Plaintiff has alleged a plausible Section 1983 claim against the municipality--Suffolk County.

A municipality cannot be held liable under Section 1983 on a respondeat superior theory. See Monell v. Dep't of Soc.

Servs. of N.Y. City, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). Although Defendant does not raise a Monell argument, Plaintiff wholly fails to allege in his Complaint that any of the challenged actions were undertaken pursuant to a municipal policy, practice, or custom that deprived Plaintiff of a constitutional right as is required by Monell and its progeny. Thus, to the extent that Plaintiff brings this action against the County, he has failed to allege a policy or practice and his claims are insufficiently pled.

The Court further notes that although Plaintiff has not named any individual employees, in order to state a claim for relief under Section 1983 against an individual defendant, he must allege the personal involvement of that individual in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).

Accordingly, Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Leave to replead should be liberally granted to pro se litigants. Chavis v. Chappius, 618 F.3d 162,

8

170 (2d Cir. 2010)). Plaintiff is thus given the opportunity to amend his Complaint in accordance with this Order. Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear Docket No. 19-CV-1429. Plaintiff is cautioned that the Amended Complaint **will completely replace the original Complaint**. Therefore, all claims and allegations Plaintiff wishes to pursue must be included in the Amended Complaint. Plaintiff is warned that his failure to timely file an Amended Complaint will lead to the dismissal of his claims WITH PREJUDICE and the case will be closed.

## CONCLUSION

For the foregoing reasons, Defendant's motion (Docket Entry 19) is GRANTED. Given Plaintiff's pro se status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October  25 , 2019
       Central Islip, New York